IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOYCE DALTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-1160-MJR-PMF |
| ) | |
| BOARD OF EDUCATION FOR, ) | |
| MOUNT VERNON TOWNSHIP ) | |
| HIGH SCHOOL DISTRICT 201, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

In October 2014, Joyce Dalton, a former assistant principal at the Mt. Vernon Township High School, filed suit against the school, alleging discrimination and retaliation claims under Title VII and 42 U.S.C. § 1981. She amended her complaint once in February 2015 to name the Board of Education for the school district instead; the amended complaint referenced, among other things, Dalton's charge-related chronology with the Equal Employment Opportunity Commission and the written exchanges she had with the superintendent in the months leading up to her departure. The case proceeded to discovery, which closed on November 6, 2015. After the close of discovery, the Board filed a motion for summary judgment, and Dalton responded to that motion on January 11, 2016. Dalton attached a declaration to her response to the motion for summary judgment which also dealt with her Commission timeline and her communications with the superintendent, and the Board has since moved to strike the declaration and one document offered in support. That motion is now ripe for ruling.

1

Dalton's amended complaint indicated that she filed her charge with the Equal Employment Opportunity Commission on March 21, 2013, following the apparent submission of her resignation letter on March 18, 2013. The complaint also said that Dalton had sent a different resignation letter to the superintendent on February 27, 2013, asking to resign in lieu of termination, and it referenced another termination letter Dalton received on February 26, 2013. With her response to the Board's motion for summary judgment, Dalton submitted a declaration that supplements the timeline in her complaint: she said that she contacted the Equal Employment Opportunity Commission on February 22, 2013, and asked to file a charge of discrimination after she was told that her contract would not be renewed; that she sent the superintendent an initial letter on February 27, 2013, indicating that she wanted to resign in lieu of termination if the Board rejected her arguments at its March 2013 hearing; that the Commission also sent the Board a notice of Dalton's February 22nd charge of discrimination on February 27, 2013; and that upon receiving that notice, the superintendent met with Dalton in March 2013 and said that, because of her agency charge, she would no longer be allowed to resign after the meeting but would need to resign then if at all pursuant to a letter the superintendent would draft. Dalton also claimed that the superintendent made threats linked to her charge at that meeting. Dalton signed that letter in mid-March 2013 and submitted it to the superintendent.

The Board argues that the entire declaration must be stricken, but it only makes developed arguments concerning the declaration's reference to Dalton's initial contact with the Equal Employment Opportunity Commission on February 22, 2013, and the

2

February 27, 2013 letter to the superintendent, so the Court will address those points alone. The Board argues that Dalton's statement about her February 2013 contact with the Commission and the letter must be stricken because those points are contradicted by her deposition testimony and her answers to interrogatories. That's a reference to the "sham affidavit" rule, which precludes litigants from creating false issues of fact with affidavits that contradict their prior sworn testimony. *Walker v. Sheahan*, **526 F.3d 973, 979 (7th Cir. 2008).** Courts apply the rule with great caution—a subsequent statement must "squarely contradict" an earlier one to warrant outright exclusion. *Bank of Illinois v. Allied Signal Safety Restraint Sys.*, **75 F.3d 1162, 1170 (7th Cir. 1996).**

There's no square contradiction in this case. While Dalton's interrogatory doesn't reference the initial contact with the Commission or the February 27, 2013 letter to the superintendent, Dalton's response to the interrogatory specifically includes an objection that a longer, narrative answer would be better suited for deposition testimony. In that vein, Dalton stated at her deposition that she started the process with the Commission before the superintendent pressed her into submitting her resignation, and she referenced the initial letter to the superintendent in her amended complaint and in her deposition testimony. The parts of the declaration targeted by the Board are more in the line of "amplification rather than contradiction," so outright exclusion is not appropriate. *Cook v. O'Neill*, **803 F.3d 296, 298 (7th Cir. 2015).** Accordingly, the Board's motion to strike the entire declaration (Doc. 44) is **DENIED**.

The Board also moves to strike Dalton's actual February 27, 2013 letter to the superintendent, and that motion presents a closer call. This request is premised on

Federal Rule of Civil Procedure 37(c), which by incorporation of other rules concerning discovery obligations provides for the exclusion of material that a party expects to offer at trial if the material is not produced prior to the close of discovery (unless the failure to disclose was justified or harmless).  Dalton concedes that the letter was not turned over in discovery but claims that the failure was harmless—she sent the letter to the superintendent long before this case began, so it is highly likely that the Board had the letter this whole time.  The Board doesn't argue that it didn't possess the letter in its motion to strike, and the fact that it likely had it during this case cuts in favor of finding prejudice.  *E.g., Cheng v. Lakeforest Assocs.*, **No. 13-1365, 2015 WL 221949, at \*3 (D. Md. Jan. 13, 2015);** *James v. Haven Homes Southeast, Inc.*, **No. 08-770, 2011 WL 777971, at \*3-4 (M.D. La. Feb. 28, 2011);** *ACF W. USA Inc. v. Travelers Cas. Ins. Co. of Am.*, **No. 12-182, 2012 WL 5838865, at \*8-9 (E.D. Cal. Nov. 16, 2012).**  To insure that the Board isn't harmed, though, the Court will permit the Board to conduct a brief supplemental deposition of Dalton prior to the trial scheduled on Monday, March 7, 2016, so that the Board will not be surprised by Dalton's testimony about the February 27, 2013 letter at trial.  Given that the Board likely already possessed the letter during the pendency of this case and the Court's decision to allow a supplemental deposition concerning the letter before trial, the motion to strike the letter (Doc. 44) is **DENIED**.

    **IT IS SO ORDERED.**

    DATED:  February 11, 2016

                                            /s/ **Michael J. Reagan**
                                            **Chief Judge Michael J. Reagan**
                                            **United States District Court**